UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **DARLENE D. RYAN** | : | **CIVIL ACTION NO. 2:25-cv-01036** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **LISA BROUSSARD ET AL** | : | **MAGISTRATE JUDGE LEBLANC** |

<u>**REPORT AND RECOMMENDATION**</u>

The Court is reviewing this matter *sua sponte* to determine whether it has subject matter jurisdiction over the instant case. *See Lane v. Halliburton*, 529 F.3d 548, 565 (5th Cir. 2008). For the reasons set forth below, the undersigned finds that this Court lacks the requisite subject matter jurisdiction and, therefore, **RECOMMENDS** this matter be **DISMISSED WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 12(h)(3).

Before the Court is also a Motion for Leave to Proceed *in forma pauperis* filed by *pro se* plaintiff Darlene D. Ryan. Doc. 2. For the reasons stated below, it is **RECOMMENDED** the motion be **DENIED AS MOOT**.

**I.**
**BACKGROUND**

Plaintiff filed this case in this Court on July 18, 2025, naming as defendants Lisa Broussard, Renada Broussard, Rosa Hudson, and Charles Armstrong. Doc. 1, p. 2. The complaint was filed in this Court based on federal question jurisdiction under 28 U.S.C. § 1331. *Id.* at p. 3. The complaint alleges that this action arises from "ongoing harassment, stalking, malicious prosecution, identity fraud, and use of false name" by defendant Lisa Broussard. *Id.* at p. 4. Accordingly, Plaintiff prays for a temporary restraining order; an investigation into Lisa Broussard's "false identity and the filing of false reports;" the "release of all body camera footage, surveillance, and original evidence withheld;" and any further relief the Court deems proper. *Id.*

## II.
### LAW & ANALYSIS

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and by statute.'" *Gunn v. Minton*, 568 U.S. 251, 256, 133 S. Ct. 1059, 1064 (2013) (citing *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675 (1994)). District courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. District courts also have original jurisdiction over all civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1).

Pursuant to Federal Rule of Civil Procedure 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." "Thus, '*sua sponte* dismissal is mandatory when a court discovers that it lacks subject-matter jurisdiction.'" *Jones v. Heuer*, No. 24-50348, 2024 WL 4481852, at *4 (5th Cir. Oct. 14, 2024) (quoting *Carver v. Atwood*, 18 F.4th 494, 497 (5th Cir. 2021)). A dismissal under Rule 12(h)(3) is, however, without prejudice and is "'not a determination on the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction.'" *Mitchell v. Bailey*, 982 F.3d 937, 944 (5th Cir. 2020) (quoting *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)).

Plaintiff alleges violations of Louisiana Revised Statutes 14:40.2 for stalking, 14:133 for filing false public records, and "Title 46 concerning false identity and misconduct."[1] Doc. 1, att. 3, p. 4. *Id.* All the cited violations, however, arise under Louisiana law.[2] As Plaintiff has failed

---

[1] The Court infers Plaintiff is referring to Louisiana Revised Statute 46:438.3, "False or fraudulent claim; misrepresentation," as Title 46 of the United States Code pertains to shipping and maritime licenses, a topic clearly inapplicable to Plaintiff's allegations.

[2] The Court further notes that criminal statutes do not provide for civil liability or civil causes of action. *Gill v. State of Tex.*, 153 F. App'x 261, 262 (5th Cir. 2005). As Plaintiff is a private citizen, she "has no standing to institute federal criminal prosecution and no power to enforce a criminal statute." *Id.*; *see also Jones v. Heuer*, No. 24-50348, 2024 WL 4481852 at *2 (5th Cir. Oct. 14, 2024).

to allege a claim that arises under "the Constitution, laws, or treaties of the United States," this Court lacks subject matter jurisdiction under 28 U.S.C. § 1331.  Plaintiff fails to allege diversity of citizenship between the parties, such that this Court also lacks subject matter jurisdiction under 28 U.S.C. § 1332.  Plaintiff has offered no other basis for this court's subject matter jurisdiction, and so it is recommended this action be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 12(h)(3).

Before the Court is also a Motion for Leave to Proceed *in forma pauperis*. Doc. 2.  Because Plaintiff has failed to establish subject matter jurisdiction, it is recommended that Plaintiff's Motion to Proceed *in forma pauperis* be denied as moot.[3]

### III.
#### CONCLUSION

For the foregoing reasons,

**IT IS HEREBY RECOMMENDED** that Plaintiff's Complaint [doc. 1] be **DISMISSED WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 12(h)(3) as this Court lacks subject matter jurisdiction over this action.

**IT IS FURTHER RECOMMENDED** that Plaintiff's Motion to Proceed *in forma pauperis* [doc. 2] be **DENIED AS MOOT**.

Under the provisions of 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure, parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and

---

[3] The Court also notes Plaintiff has failed to fully complete this Court's Application to Proceed *in forma pauperis*, and what little information has been provided seems contradictory at times. Doc. 2.  As such, Plaintiff failed to provide sufficient information for the Court to determine her financial status and eligibility to proceed *in forma pauperis*.

Recommendation within fourteen (14) days following the date of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglas v. United Services Automobile Ass'n.*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

    **THUS DONE AND SIGNED** in chambers this 6th day of October, 2025.

_____
**THOMAS P. LEBLANC**
**UNITED STATES MAGISTRATE JUDGE**